UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEINA E. JONES, wife of/and<br>TOMMIE LEE JONES, JR. | CIVIL ACTION |
| VERSUS | NO. 06-9874 |
| STATE FARM GENERAL INSURANCE<br>COMPANY and BOB NOWLIN | SECTION "N" (2) |

## **ORDER AND REASONS**

Plaintiffs Geina E. Jones, wife of/and Tommie Lee Jones, Jr. (hereinafter referred to as "Plaintiffs") move to remand this matter back to the Civil District Court for the Parish of Orleans, State of Louisiana. The removing defendants, State Farm Fire & Casualty Company (hereinafter "State Farm") and Bob Nowlin (singularly referred to as "Nowlin", and collectively with State Farm referred to as "Defendants") oppose the motion.

### I. **FACTS**

Plaintiffs are owners of certain immovable property located at 524 Delery Street, New Orleans, Louisiana. This property was insured by State Farm through a homeowners policy (#18-R328-541), which insured the dwelling for $126,630 and contents for $94,972. Following Hurricane Katrina on August 29, 2005, Plaintiffs made a claim on this policy, in response to which State Farm

1

determined that the majority of the property damage was caused by flood, citing an exclusion under the terms and provisions of the policy. State Farm paid certain wind damage claims in the amount of $32,932.91, as well as $400 for contents and $2,196.59 for living expenses.

On October 11, 2006, Plaintiffs filed suit in Civil District Court for the Parish of Orleans, which matter was removed to this Court by State Farm and Nowlin on November 13, 2006. State Farm's grounds for removal are: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332; (2) federal question jurisdiction conferred under the Multi-Party, Multi-Forum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369; and (3) federal question jurisdiction under the National Flood Insurance Program, 42 U.S.C. § 4032.

## II. LAW AND ANALYSIS

### A. Removal

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (c).

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

It appears undisputed that the requisite jurisdictional amount of over $75,000 is met, and thus the Court focuses on the existence of complete diversity between the parties. In that regard, State Farm and Nowlin contend that Nowlin, a Louisiana resident, was joined solely to defeat diversity jurisdiction, and that no reasonable basis exists to predict recovery against him. Plaintiffs have alleged, in their original Petition, the following against Nowlin:

Count 5

XVII.

At all times material to the allegations contained herein, the defendant, NOWLIN, **was either employed by or was an agent of the defendant, STATE FARM. As such, the defendant, STATE FARM, is liable and responsible for the acts, errors and omissions of the defendant, NOWLIN,** rendering the defendants liable, jointly and *in solido*, for plaintiffs' damages and losses. (emphasis added)

3

XVIII.

Plaintiffs aver that several months before the impact of Hurricane Katrina, they had contacted NOWLIN's office for the purpose of securing flood insurance. At that time, plaintiff, GEINA E. JONES, was advised by an individual in NOWLIN's office that, since plaintiffs' home was not located in a flood zone, securing flood insurance would not be "feasible" and advised the plaintiffs that they could not procure flood insurance because they were not located in a flood zone.

XIX.

Plaintiffs aver that the information conveyed to them by NOWLIN was inaccurate, misleading and negligent.

XX.

Plaintiffs aver that the defendant, NOWLIN, is negligent in the following non-exclusive particulars:

(A)  Failing to secure flood insurance coverage when directed to do so;

(B)  Giving false, misleading and inaccurate advice regarding the procurement of a flood insurance policy;

(C)  Failing to apprise the plaintiffs of the existence of other insurance products, which would have allowed plaintiffs to have properly insure [sic] their dwelling and content [sic];

(D)  Failing to advise the plaintiffs that homeowner/fire/liability insurance would not cover catastrophic levee failure or other acts of man which might result in water damage to plaintiffs' property; and

(E)  Such other acts of negligence and inaction as may be shown at the trial of this cause.

XXI.

As a result of the breach of contract, the breach of the fiduciary duty which the defendants owed to plaintiffs and as a result of the defendants' errors and omissions, plaintiffs have sustained significant damage and are entitled to recover such sums as are reasonable, said sums to include damages for breach of contract in the amount of plaintiffs' homeowner/fire/liability dwelling and content limits, as well as damages for breach of their fiduciary duties and their negligence, such sums to be calculated on the basis of the total loss of plaintiffs' dwelling and the total loss of plaintiffs' content, together with such other pecuniary and non-pecuniary damages as may be proven at the trial of this cause.

XXII.

Plaintiffs aver that their damages, exclusive of interest and cost, both for breach of contract and in negligence, exceed the sum of $50,000.00.

In further support of these allegations, Plaintiffs, in their Reply Memorandum, supply the affidavit of Geina E. Jones. She states, in pertinent part:

> ... plaintiff contacted the office of Bob Nowlin, **her State Farm insurance agent,** approximately 90 days prior to August 29, 2005; her purpose of communicating with Mr. Nowlin's office was to determine whether she could procure flood insurance for her property on Delery Street; during the conversation she had with a representative of Bob Nowlin, she was advised that, since the Delery Street property was in a no flood zone, that flood insurance was not necessary; plaintiff relied upon this advice and, therefore, did not have flood insurance on her property at the time water, from levee breaches, destroyed her home on or about August 29, 2005; subsequent to the total loss of her her [sic] home, and while investigating the flood insurance issue for the 2006 hurricane season, she was apprised by Bob Nowlin that flood insurance, in fact, is available in a no flood zone, that she had been given erroneous advice by his office and that flood insurance could have been procured for the property on Delery Street. (emphasis added)

Thus, Plaintiffs claims against Nowlin are set forth with specificity, in light of the allegations made in the original Petition.

While State Farm is generally correct that an insurance agent has no duty to simply identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage, *see, e.g., Dobson, et al v. Allstate Ins. Co., et al,* 2006 WL 2078423 (E.D. La. July 21, 2006), it is also true[1] that, under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself or exceeds his authority. La.Civ.Code arts. 3016, 3019; *see also Ragas v. Tarleton,* No. 06-4137, slip op. at *6 (E.D. La. Oct. 10, 2006) and *LeBlanc v. Mid-*

---

[1] Despite the allegations of the Petition (as emphasized by the Court herein) which clearly state that Nowlin was acting as an agent for State Farm, and perhaps even an employee (see ¶ XVIII), Defendant fails to make the argument regarding Nowlin's agency, instead choosing to concentrate on such tenuous grounds for federal jurisdiction as the MMTJA and the NFIP.

*Continent Life Ins.,* No. 93-2677, 1993 U.S. Dist. LEXIS 14792, at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent personally bound itself or exceeded its authority); *Kimball v. Modern Woodmen of Am.,* 939 F.Supp. 479, 482 (M.D. La. 1996) (finding no cause of action against insurance agent as there were no allegations that agent acted outside his authority or misrepresented company's position); *Miller v. Powers & Tuttle,* 145 So. 718, 719 (La. App. 2d Cir. 1933); *McMorris v. Stafford,* 655 F.Supp. 671 (M.D. La. 1987) (agent who discloses his principal is not liable to third party); *Picquet v. Amoco Prod. Co.,* 513 F.Supp. 938, 940 (M.D. La. 1981) (no liability for agent of disclosed principal). "Officers, employees, and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context."[2] Indeed, in *Ragas v. Tarleton,* No. 06-4137, slip op. at *6 (E.D. La. Oct. 10, 2006), after discussing at great length the standard for improper removal, Judge Feldman recently denied a plaintiff's motion to remand, holding that the insurance agent was improperly joined because the plaintiff made "no allegations [in the petition] that the agent exceeded his authority, personally bound himself to [Plaintiff], or misrepresented Allstate's position." In doing so, Judge Feldman reiterated the longstanding rule that under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself or exceeds his authority. In the absence of such allegations, as is the case here, joinder is improper.

---

[2]*Goodwin v. Agrilite of La.,* 643 So.2d 249, 252 (La. App. 2d Cir. 1994); *see Korson v. Independence Mall I, Ltd.,* 595 So.2d 1174, 1178 (La. App. 5th Cir. 1992); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.,* 166 F.Supp. 2d 511, 515 (E.D. La. 2001).

Because the Court finds jurisdiction on the basis of diversity as a result of improper joinder, the Court need not find jurisdiction based on the other grounds State Farm asserts under the MMTJA[3] and the NFIP.[4]

---

[3]This Court has, on numerous occasions, determined that the MMTJA does not provide grounds for federal jurisdiction on claims such as this arising from Hurricane Katrina. See *Case, et al v. ANPAC La. Ins. Co.,* 466 F.Supp.2d 781 (E.D. La. 2006); *Case v. ANPAC La. Ins. Co.,* No. 06-7391, 2006 WL 3469550 (E.D. La. Nov. 30, 2006), *Bode v. State Farm Fire & Casualty Co.*, No. 06-3202 (E.D. La. Nov. 2, 2006); *Fidelity Homestead Assn. v. The Hanover Insurance Co.,* No. 06-3511 WL 2873562 (E.D. La. Oct. 8, 2006); *Berry v. Allstate Ins. Co.,* No. 06-4922 WL 2710588 (E.D. La. Sept. 19, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006); *Southall v. St. Paul Travelers Ins. Co.,* No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.,* No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006), among others. Accordingly, the Court finds no merit in State Farm's assertion of MMTJA at the time of removal as a basis for federal jurisdiction.

[4]The National Flood Insurance Program ("NFIP") provides coverage for flood losses excluded by commercially-written property insurance policies. Homeowners purchase NFIP flood insurance directly from the Federal Emergency Management Agency ("FEMA") or, more commonly, through private insurers like Continental, known as "Write Your Own" or "WYO" carriers. By FEMA regulation, all policies issued under the NFIP use the terms and conditions of the Standard Flood Insurance Policy ("SFIP"), itself a federal regulation. The participation of WYO companies in the NFIP is subject to FEMA regulations and the terms of an "Arrangement" with FEMA. The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their SFIP. 28 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 532-36 (E.D.La. 2006). Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir.1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808. "The fact that a federal defense may be raised to the plaintiff's action ... will not suffice to create federal question jurisdiction." *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir.1989), *citing Franchise Tax Bd.*, 463 U.S. at 12. Thus, the general rule provides that a federal defense to a state law claim does not create removal jurisdiction.

### III.  CONCLUSION

For the reasons stated hereinabove, the Plaintiffs' Motion to Remand is **DENIED.**

New Orleans, Louisiana, this  11th  day of May, 2007.

                                       **KURT D. ENGELHARDT**
                                       **United States District Judge**